Mr. Walker is not an ACA offender because his Missouri burglary convictions of inhabitable structure are not a violent felony. The sole question for review for this Court is whether Mr. Walker is precluded or barred for habeas relief. He is not because the Supreme Court cases of Johnson and Welch provide a basis for relief under 28 U.S.C. § 2255. Mr. Walker's § 2255 motion sounds in Johnson and so it provides a basis for relief. But don't you need Mathis to get relief and Mathis is not retroactive? I don't think so and let me explain why. The government has already conceded that Mr. Walker's burglary convictions are not a violent felony because they are inhabitable structure ones. Mathis only pertains to the divisibility of the statute. So regardless of how this Court decides the Nailor issue, it doesn't implicate this crime. Now if you're a burglar of a building convictions then maybe but Mathis has no bearing on this case I would argue because whether it's divisible or not I think everyone agrees that burglary of an inhabitable structure doesn't qualify as a violent felony. So I think it's a misnomer to say that this hinges on retroactivity of Mathis for that reason. Do we know from the record of the original sentencing what the District Court relied on in determining those were violent felonies? Which clause? I don't think so, Your Honor. To my knowledge, I don't think that the record makes that clear although what I pointed out in a Rule 28J letter on direct appeal what I think is the best evidence as to why his convictions rested on the residual clause is the government's brief and that was in case 05-3349. In this appeal, the government argues that Johnson had no effect on offenses like burglary which did not require the residual clause to allow them to qualify as ACCA predicates. But that's directly contradicted by what they argued in the direct appeal brief. They argued that there are qualifying predicate offenses and then they cite to the Nolan and Haskell cases which are two kind of antiquated cases from this court which turn rely on the residual clause to conclude that there are qualifying predicate offenses. So I think the government's 2006 brief demonstrates that it's not until Johnson voided the residual clause that Mr. Walker's claim accrued. As long as the residual clause existed, Mr. Walker's ACCA status was unchallengeable. I got to go back to your answer to my first question because this is successive habeas. Now, how does the record make clear that these were inhabitable structure and not building convictions? I think the government's conceded that and I think that... Wait, wait, wait. When was... Because at the time of the conviction and the initial appeal and maybe the 2255, well, it didn't matter but if it mattered, you know, then you had to go do the modified categorical. That's never been done. This is all waived. I mean, if it's... And De Camp also is not retroactive. So if the only way you can get at these as not being generic burglary is by the De Camp Mathis analysis and an empty record, I think you're precluded. That's the question. Aren't you precluded at a successive 2255 stage? No, Your Honor. I don't think so. And of course, I think this is Johnson's claim. So under 2255 H2, we rely on, quote, a new rule of constitutional law, made retroactive cases on collateral review by the Supreme Court. But more importantly, the government is, I think, punted this issue. If anyone's waived it, it's the government. They've conceded... When? In the briefing and I think before the district court that these are not violent felony convictions anymore. I just don't think that's a live issue. I don't think they're arguing that and I don't think it's ever been a dispute what type of burglary conviction it is. At least I'm not aware of that. Well, if it's generic burglary, Johnson doesn't affect it. Disagree. I think it... Disagree? Let me explain why. Because the reason why these Missouri burglary of inhabitable structure convictions aren't violent felonies, that's the Taylor case. That goes back to 1990, right? And it's when the residual clause kicks in that the claim comes to fruition. Until then... No, no, wait. You add in Shepard and you can use limited documents to establish it was generic burglary. Taylor was a generic burglary case. Right. But we all know Mathis and Decomp and Taylor. Yeah, but they don't... Not Taylor, but Mathis doesn't help. If there were generic burglary options and nobody went through the exercise because of the residual clause, now I don't see where... Johnson by itself doesn't get you successive habeas if the record's not there to do it. That's my problem with this. It's a finality problem. Well, I understand your point. I think there's some other issues we raised too, so I don't want to belabor it. But I think there's two other issues since my time's running out that I think we need to hammer... I need to hammer on as Mr. Walker's counsel is that first, you never waive your right to review a sentence in excess of the statute because it's an illegal statute or a legal sentence rather. And that's the DeRue case and the Ahmen case that, quote, Section 2255 does provide relief for cases in which the sentence was in excess of the maximums authorized by law. And that's the case here, I think. Walker's sentence exceeded the 240 month sentence, even presuming consecutive maximum sentences. He got 293 months. I think the other issue is that assuming, arguably, that there's procedural default, I think the government has noted that cause and prejudice can, in theory, exist to excuse it. And I think there is cause and prejudice here. In defining what cause is, the Reed v. Ross case is a Supreme Court case that a constitutional claim is not reasonably available when a decision may overturn a longstanding and widespread practice to which this court has not spoken but which a near unanimous body of lower court authority has expressly approved. The court goes on and says, when the new rule is given retroactive application, there will almost certainly have been no reasonable basis upon which it could have been raised. I think that's exact situation we're in here with the residual clause. Circuit courts throughout the nation at the time that he was sentenced. What about Bowsley and Lindsey? Right. I think those are also hopeful cases. And I think they also establish that cause that the circuit courts were in unanimous agreement that the residual clause was not void. And so when that case was handed down by the Supreme Court, I think you have a sea change in the law. And under the Grooms case, Eighth Circuit case, a panel of this court held that, quote, cause may be satisfied when a claim is so novel that its legal basis is not reasonably available to counsel at the time of the appeal, end quote. And I think that's this case. I think also prejudice has been established here. I don't think the government disputes that, that there's a reasonable probability that without the error, Mr. Walker's sentence would have been different. His guidelines level would have been drastically different where he's looking at approximately less than 100 months. If there's no other questions, I'd like to reserve a little bit of time for rebuttal. Good morning. My name is Rudolph Rose. I'm counsel for the government. This is the second section 2255 case that has been submitted by Walker. That is a salient fact in this case. The second one after Johnson? No, the second, section 25, before Johnson, but the second, second 2255. Does Johnson give him a do-over? No, Johnson does not give him a do-over with regard to the... If it's a new, if it's a violent... Oh, yes. I apologize, Your Honor. Yes. If it was a Johnson case. This is not a Johnson case. Well, that's the issue. That's the issue. Right. This is a Mathis case, and you need to look no further than the defendant's brief. He begins... This, he's arguing Mathis. Mathis. Mathis. All of the pages are Mathis arguments. Then he gets to the very end, and he brings in Johnson. He's using Johnson as a shoehorn. Give me in a nutshell why he needs Mathis as well as Johnson. Because Mathis is the one that has defined the burglary of the dwellings as no longer constitutional. That's why he needs Mathis, and Mathis was based on Taylor. A burglary of a dwelling is a generic burglary. Johnson doesn't touch that. Right. Johnson doesn't touch that. Mathis doesn't touch that except it's... If, you know, except... Well, you know, I'm not even sure how Mathis is touches that, but DeCamp maybe does. Wait. Mathis uses DeCamp to... All right. So you've got... I assume that the universe of burglary convictions under Missouri law is overly broad under Taylor. For burglary in the second degree with regard to the inhabitant structure, yes. Yeah. Okay. So you've got the government in order to get a generic burglary, ACCA, to get a predicate has to need some Shepard documents, right? Yes, to be able to prove it. Do we have those here? I gather we don't. No, we do not. We do not have those in this case. And because nobody ever had to. Right, because at the time of the sentencing, we had the enumerated felonies called. Okay, but you don't need Mathis. You don't need Mathis. The defendant doesn't need Mathis to get the government to the point where it has to prove generic burglary under Shepard. So that seems to me to be the problem here. Yes, but... If the government never put in its modified categorical... I mean, Mathis takes you to, well, can you still do building versus inhabitable structure and blah, blah, blah. But even before Mathis and before Johnson, really before Shepard, you had an overly broad statute that's never going to be a predicate offense until Shepard lets the government use selected evidence to establish this is, in fact, this was, in fact, a generic burglary. Now, if we don't have that here because we don't know if it was a build... A, we don't know. Do we know if it was building versus inhabitable structure? B, if it was inhabitable structure, do we know if it was a building? Right. What was made available or what would have been in the PSR was showing that it was inhabitable structures as far as the underlying offenses. Undefined or defined as a boat or a houseboat or a... No, it wasn't defined. It was just... Okay. Yeah. All right. So now we don't have the record that would permit this to go forward after Johnson and before Mathis. Right. There's no record there that clearly says which one. He says the government's waived the court. We wouldn't be here if the government waived. That was my word. Yeah. But if we've got a successive habeas stage... Right. Yes. Then the onus is on him. Who wins and who loses with the record if the record doesn't permit an analysis under post-Johnson law? Oh, well, under pre-Johnson law. That's my point is I think the defendant loses. Well, he still loses because it's a procedural default at that point. I mean, it could have raised the issue. It's not just anticipating Johnson. It's not raising the issue when before Johnson, everybody knew that if the record was waived and if he had an overly broad burglary statute, you could put the government to its modified categorical burden of proof. Correct, Your Honor. The defendant had an opportunity to raise that. That to me is the procedural bar here. That's the procedural default in this case as well. That it wasn't raised on direct avail or... And Johnson doesn't affect that because it was... It's not nobody anticipated Johnson. It's that the defense didn't choose to raise the Taylor-Shepard issue. No. But I don't think you argued it that way. No. We basically, A, the primary argument is there is a fact that this is the second consecutive section 2255 and there's a hurdle there that this must be a new rule of constitutional law. What about our case law that sort of said, well, even if... Well, whether it's We don't have to determine whether this is a burglary because it's going to fall within the residual clause. Does that affect our analysis? In the way that this court and district courts approached it? That it was going to fall within residual clause? Well, given that we had the enumerated felonies clause in effect, which had burglary mentioned right there... Right. But would you agree that we have case law where we've said, maybe, maybe not in this particular case, but it does fall within the residual clause and, therefore, it's good to go? The cases I've seen where it said that the residual clause was the basis for the burglary being a violent, is those cases of burglary of a commercial building. Haskell and Nolan referred to a commercial building, and that's where you use the commercial ball. Walker, his underlying prior burglary convictions were all regarding inhabitable structures. Therefore, it would have fallen under the enumerated felonies clause, as well as under the guidelines burglary of a dwelling, as well. So the court would have been more likely to have looked at it toward the enumerated felonies rather than the residual. Do you agree with counsel that there's nothing in this record telling us what the district court did at the time of sentencing, which clause it relied on? That is correct, Your Honor. That is correct. Your Honor, just to state that Walker has procedurally defaulted on his claim. He did not raise it on at sentencing, as well as he did not raise it on the direct appeal. We're asking, unless there are further questions, we're asking that the court affirm the sentence of 293 months. Thank you, Your Honor. I meant my government's concession, and I'll turn to page 8. I think it was just the type of conviction was what I was trying to refer to, and they say under page 8, and it goes into page 9, burglaries of an inhabitable structure in Missouri may no longer constitute violent felonies under enumerated felonies clause. It's apparent then that Walker's prior burglaries involving inhabitable structures no longer qualify as burglaries under either the enumerated felonies clause or the residual clause that Johnson validated. And so I think what's troubling at a fundamental level is here he was sentenced to 293 months. That's a colossal sentence. When you think if we were to do it all over again, the likelihood of him getting that sentence. A final thought for this court is that, and the government hasn't responded to this, we raised in our brief that Mr. Walker hasn't waived this issue at all, that he did challenge his ACCA status. Now, he didn't make the identical argument he raises today, but he raised it as a Sixth Amendment claim. He cited to Apprendi. He cited to Shepard. He did his best, and I think that gets him within the ballpark, the notion that he didn't challenge his ACCA status whatsoever. I just don't think that's entirely accurate. Thank you for your time. Thank you, counsel. The case has been effectively briefed and argued. We'll take it under advisement.